By Fax

1  Allan M. Soobert (*pro hac vice pending*)
   PAUL HASTINGS LLP
2  875 15th Street, N.W.
   Washington, DC 20005
3  Telephone: (202) 551-1822
   Facsimile: (202) 551-0222
4  allansoobert@paulhastings.com

5  Christopher W. Kennerly (SB# 255932)
   PAUL HASTINGS LLP
6  1117 S. California Avenue
   Palo Alto, CA 94304
7  Telephone: (650) 320-1800
   Facsimile: (650) 320-1900
8  chriskennerly@paulhastings.com

9  Jeffrey D. Comeau (SB# 259679)
   PAUL HASTINGS LLP
10 4747 Executive Drive, 12th Floor
   San Diego, CA 92121
11 Telephone: (858) 458-3000
   Facsimile: (858) 458-3005
12 jeffreycomeau@paulhastings.com

13 Attorneys for Jeffrey Bokor

14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA                    SK

17                      OAKLAND DIVISION
                                         CV CV-17-80050-MISC.
18                                       CV CV-17-80050-MISC.

19 KAIST IP US LLC,                      CASE NO. _____

20          Plaintiff,                   PENDING IN THE UNITED STATES
                                         DISTRICT COURT FOR THE EASTERN
21    vs.                                DISTRICT OF TEXAS

   SAMSUNG ELECTRONICS CO., LTD.;        CASE NO. 2:16-CV-01314-JRG-RSP
22 SAMSUNG ELECTRONICS AMERICA,
   INC.; SAMSUNG SEMICONDUCTOR, INC.;    **NOTICE OF MOTION AND MOTION
23 SAMSUNG AUSTIN SEMICONDUCTOR,         TO QUASH SUBPOENAS TO NON-
   LLC; GLOBALFOUNDRIES, INC.;           PARTY DR. JEFFREY BOKOR**
24 GLOBALFOUNDRIES U.S. INC.; and
   QUALCOMM INCORPORATED,                Date:
25                                       Time:
          Defendants.                    Dept.:
26

27

28

                                         MOTION TO QUASH SUBPOENAS

1        PLEASE TAKE NOTICE THAT ON _____, 2017 at _____ or as soon

2 thereafter as this matter may be heard in Courtroom ___ of the above-captioned court, located at

3 450 Golden Gate Avenue, San Francisco, CA 94112, non-party Dr. Jeffrey Bokor, through his

4 attorneys of record, will and hereby does move this Court for an order quashing the Subpoena to

5 Produce Documents in a Civil Action and the Subpoena to Testify at a Deposition in a Civil

6 Action, dated April 3, 2017, served by Plaintiff KAIST IP US LLC, upon Dr. Jeffrey Bokor,

7 Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung

8 Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Globalfoundries Inc.;

9 Globalfoundries U.S. Inc.; and QUALCOMM Incorporated (collectively, "Defendants"), and

10 issued by the United States District Court for the Eastern District of Texas in connection with the

11 action *KAIST IP US LLC v. Samsung Electronics Co., Ltd., et al.*, No. 2:16-cv-01314-JRG-RSP

12 (E.D. Tex.). This motion is brought pursuant to Federal Rule of Civil Procedure 45(d)(1) and (3).

13        This Motion is based upon this Notice of Motion and Motion, the concurrently-filed

14 accompanying Memorandum of Points and Authorities in Support of Dr. Jeffrey Bokor's Motion

15 to Quash, the Declaration of Dr. Jeffrey Bokor, the Declaration of Jeffrey Comeau, Esq., all

16 exhibits attached thereto, all other matters of which the Court may take judicial notice, and any

17 such additional argument as may be presented at or before the hearing on this matter.

18

19

20

21

22

23

24

25

26

27

28

- 1 -                                                                      MOTION TO QUASH SUBPOENAS

1    DATED:  April 21, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Allan M. Soobert (*pro hac vice pending*)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone:  (202) 551-1822
Facsimile:  (202) 551-0222
allansoobert@paulhastings.com

Christopher W. Kennerly (SB# 255932)
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900
chriskennerly@paulhastings.com

Jeffrey D. Comeau (SB# 259679)
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
jeffreycomeau@paulhastings.com

COUNSEL FOR DR. JEFFREY BOKOR

1

## TABLE OF CONTENTS

2
                                                                                                                          **Page**

3    I.      INTRODUCTION ........................................................................................................... 1

4    II.     BACKGROUND ............................................................................................................. 2

5    III.    ARGUMENT .................................................................................................................. 4

6            A.      Plaintiff Violated Rule 26(d)(1) by Issuing and Serving the Subpoenas

7                    Before Discovery Had Even Begun ........................................................................ 4

8            B.      Plaintiff's Subpoenas Cause Annoyance, Embarrassment, Oppression, and

9                    Undue Burden or Expense in Violation of Rules 45(d)(3) and 26(c) .................... 5

10           C.      Plaintiff's Subpoenas Violate Rule 26(b)(4)(D) Because Dr. Bokor Is a

11                   Consulting Expert Not Subject to Deposition ........................................................ 6

12           D.      Plaintiff's Subpoenas Seek Only to Circumvent the PTAB's Rules and

13                   Unfairly Prejudice Dr. Bokor and Defendants ...................................................... 8

14           E.      Plaintiff Should Pay Attorney's Fees in Connection with this Motion ................. 10

15   IV.     CONCLUSION ............................................................................................................. 11

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO QUASH SUBPOENAS

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
**Cases**

4
*Convolve, Inc. v. Dell, Inc.,*
5
    No. 2:08-CV-00244-CE, Dkt. No. 363 (E.D. Tex. June 8, 2011)..............................................7

6
*Desilva v. N. Shore-Long Isl. Jewish Health Sys. Inc.,*
    No. CV 10-1341(JFB)(ETB), 2010 U.S. Dist. LEXIS 79816
7
    (E.D.N.Y. Aug. 9, 2010) ..........................................................................................................5

8
*Deuss v. Siso,*
9
    No. 14-cv-00710-YGR, 2014 U.S. Dist. LEXIS 121464
    (N.D. Cal. Aug. 29, 2014) ...................................................................................................4, 10

10
*Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.,*
11
    No. 12-625 (EGS), 2013 U.S. Dist. LEXIS 104412 (D.D.C. July 25, 2013) .............................6

12
*Elite Lighting v. DMF, Inc. et al.,*
13
    No. 13:1920-JC, 2013 WL 12142840 (C.D. Cal. May 6, 2013)...........................................5, 10

14
*Finjan, Inc. v. Symantec Corp.,*
    139 F.Supp.3d 1032 (N.D. Cal. 2015) .....................................................................................9

15
*Garmin v. Cuozzo,*
16
    No. IPR2012-00001 (P.T.A.B. Mar. 5, 2013).........................................................................9

17
*Glenmede Trust Co. v. Thompson,*
    56 F.3d 476 (3d Cir. 1995).................................................................................................8, 9
18

19
*Legal Voice v. Stormans Inc.,*
    738 F.3d 1178 (9th Cir. 2013)...............................................................................................11

20
*Perry v. United States,*
21
    No. 3:96-CV-2038-T, 1997 U.S. Dist. LEXIS 23875 (N.D. Tex. Feb. 4, 1997)......................7

22
*Phillips v. C.R. Bard, Inc. (In re Grassi),*
    No. 13-91269-PB, 2013 U.S. Dist. LEXIS 178528 (D. Mass. Dec. 13, 2013)..........................6
23

24
*ROY-G-BIV Corp. v. Fanuc Ltd.,*
    No. 2:07-CV-418-DF, 2009 U.S. Dist. LEXIS 58338 (E.D. Tex. July 9, 2009).......................7

25
*Solis v. Bridgestone Corp.,*
26
    CV 10-484 TUC DCB, 2011 U.S. Dist. LEXIS 159601
    (D. Ariz., Feb. 15, 2011) .........................................................................................................8
27

*Tivo, Inc. v. Verizon Commc'ns, Inc.,*
28
    No. 2:09-CV-257-DF-CE, Dkt. No. 164 (E.D. Tex. April 26, 2011)......................................7

1

## TABLE OF AUTHORITIES
(continued)

2

Page(s)

3

**Statutes**

4

35 U.S.C. § 316(a)(11)...............................................................................................2

5

Leahy-Smith America Invents Act.........................................................................8, 9

6

**Other Authorities**

7

37 C.F.R. § 42.224 ....................................................................................................9

8

Amendments to the Rules of Practice for Trials Before the Patent Trial and Appeal Board,
9        81 Fed. Reg. 18,750, 18,755 (Apr. 1, 2016) ) (to be codified at 37 C.F.R. pt. 42).....................8

10  Fed. R. Civ. P.
      26(a)(1)(B) .......................................................................................................4
11    26(b)(4) .....................................................................................................6, 7, 8
      26(c) .............................................................................................................5, 6
12    26(c)(1).............................................................................................................4
      26(c)(3)..........................................................................................................10
13    26(d) ................................................................................................................4
      26(d)(1) .....................................................................................................4, 10
14    26(f)......................................................................................................... *passim*
      26(g) ..............................................................................................................10
15    45......................................................................................................4, 10
      45(d)(1) .................................................................................................4, 6, 10
16    45(d)(3) .................................................................................................4, 5, 6
17

18  Office Patent Trial Practice Guide,
      77 Fed. Reg. 48,756, 48,757 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 42).....................8
19

20

21

22

23

24

25

26

27

28

MOTION TO QUASH SUBPOENAS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.      INTRODUCTION**

3

In complete disregard of several Federal Rules and orders issued in the underlying

4

litigation, Plaintiff charged forward before discovery even opened with subpoenas demanding the

5

production of documents and a deposition from Defendants' expert, Dr. Jeffrey Bokor.  Plaintiff's

6

subpoenas are premature, do not provide a reasonable time for compliance, and are directed to

7

impermissible subject matter: Dr. Bokor is Defendants' consulting expert who is not subject to

8

discovery in this litigation.  If Defendants elect to designate Dr. Bokor as a testifying expert, he

9

will be available for deposition after he issues his report in accordance with the Rules.

10

Plaintiff would have this Court believe that it seeks to depose Dr. Bokor because he is an

11

ordinary "prior art" witness.  In reality, it is transparent from the timing and content of the

12

subpoenas that Plaintiff's true intention is to misuse the discovery procedures available in this

13

litigation to obtain testimony for use in the co-pending *inter partes* review (IPR) of the asserted

14

patent before the Patent Trial and Appeal Board (PTAB), where Dr. Bokor submitted declarations

15

in support of Defendants' petitions.  This is plainly improper.  The PTAB's procedures do not

16

permit such discovery of Dr. Bokor at this time because the IPR petitions have not yet been

17

instituted.  Thus, Plaintiff is attempting to end-run the PTAB's regulations and unfairly obtain

18

premature testimony from Dr. Bokor in its efforts to avoid institution of IPR.

19

Counsel for Defendants and Dr. Bokor informed Plaintiff of all of these improprieties, but

20

Plaintiff pressed forward and issued its subpoenas to Dr. Bokor before discovery opened in this

21

case.  Worse, Plaintiff served the subpoenas by sending an unscrupulous process server to Dr.

22

Bokor's home—not his work address identified on the subpoenas—serving process at 6 AM with

23

unreasonable force and aggression by pounding on the door, ringing the bell, and yelling for entry

24

until the police arrived to intervene.

25

Plaintiff's subpoenas should be quashed and its counsel ordered to cease any further

26

harassment and intimidation of Dr. Bokor.  Given Plaintiff's multiple rule violations and

27

inappropriate conduct in issuing these subpoenas in bad faith, Dr. Bokor should be awarded his

28

attorney's fees.

## II.     BACKGROUND

Dr. Bokor is a non-party in the litigation underlying the subpoenas at issue, pending in the Eastern District of Texas (Case No. 2:16-cv-01314-JRG-RSP) ("underlying litigation").  Plaintiff filed its Complaint against Defendants in the underlying litigation on November 29, 2016, alleging infringement of U.S. Patent No. 6,885,055 ("patent-in-suit").  *See* No. 2:16-cv-01314, Dkt. No. 1 (Ex. 1).[1]  Defendants answered the Complaint on March 6, 2017.

Three days later, on March 9, 2017, Defendants filed two IPR petitions challenging all asserted claims of the single patent-in-suit.  *See* Exs. 2–3 (IPR petitions).  The IPR petitions raised numerous invalidity grounds and included a declaration from Dr. Bokor in support of each petition.  Plaintiff's preliminary responses to the petitions are due on July 6, 2017, and under the PTAB rules, Plaintiff is not permitted to take discovery or depose Dr. Bokor at this stage of the proceedings.  Once Plaintiff's preliminary responses are filed, the PTAB will decide whether to institute IPRs, and if instituted, any final written decision on patentability is statutorily mandated to be completed within 12 months of institution.  *See* 35 U.S.C. § 316(a)(11).

After filing the IPR petitions, Defendants requested Plaintiff's position on moving to stay this case pending conclusion of the IPRs and conferred over the following weeks.  *See* Ex. 4. Plaintiff initially indicated that it might be amenable to a temporary stay until the PTAB makes its institution decision, if Plaintiff could take a deposition to "preserve the record."  *Id.* at 3–4. Subsequently, it became clear that Plaintiff did not wish to preserve the record, but instead, sought to depose Dr. Bokor allegedly because he "is an author of prior art."  *Id.* at 3.  Defendants could not agree to Plaintiff's demand and, consequently, filed their Motion to Stay Pending IPR as opposed, on March 28, 2017.

On March 31, 2017, Plaintiff continued to pursue a deposition of Dr. Bokor and informed Defendants of its intent to serve subpoenas on Dr. Bokor, asking if Defendants would accept service on his behalf. Ex. 5 at 1–3. Defendants reminded Plaintiff that discovery was not open because the parties had not met their Rule 26(f) conference requirements; in particular, the parties

_____

[1] All exhibits referenced herein are attached to the Declaration of Jeffrey D. Comeau, filed concurrently herewith.

- 2 -                        MOTION TO QUASH SUBPOENAS

1   had not yet conferred about or submitted the proposed Docket Control Order, Discovery Order, or

2   Protective Order (which constitutes satisfaction of the rule 26(f) conference per Judge Payne's

3   March 6, 2017 Order in the underlying litigation). *Id.* at 1–2, Ex. 14 at n.1. Defendants informed

4   Plaintiff that "[o]nce discovery opens, we would be glad to revisit the issue," again noting that

5   service of the subpoenas would be "invalid, unenforceable and in violation of Judge Payne's

6   [March 6, 2017] Order." Ex. 5 at 2. However, Plaintiff refused to wait for discovery to open and

7   served the subpoenas on April 10, 2017, setting April 17, 2017 as the initial date for compliance

8   on the document subpoena, and April 24, 2017 as the date for his deposition. Exs. 6–7. Thus, Dr.

9   Bokor was commanded by invalid subpoenas to produce within five business days documents

10  responsive to eleven topics, largely directed to Dr. Bokor's declarations and opinions in support

11  of the IPR petitions in the PTAB proceedings.

12          While the subpoenas listed Dr. Bokor's address at his University of California, Berkeley

13  office, Plaintiff instead elected to have its agent serve process at Dr. Bokor's home at 6:20 AM.

14  Despite the early hour, Plaintiff's agent pounded the door startling Dr. Bokor awake, yelled for

15  entry, repeatedly rang his doorbell, refused to leave or return at a later hour, and harassed Dr.

16  Bokor until the police arrived to intervene. *See* Declaration of Dr. Jeffrey Bokor ("Bokor Decl.")

17  ¶¶ 6–8.

18          Subsequently, the parties continued to meet and confer in order to comply with their Rule

19  26(f) obligations. The parties filed competing proposals for Docket Control and Discovery

20  Orders on April 10, 2017, which the Court in the underlying litigation granted on April 11, 2017

21  and April 12, 2017, respectively, and an Opposed Motion for Entry of Agreed Protective Order

22  on April 17, 2017. *See* No. 2:16-cv-01314, Dkt. Nos. 44–47, 51 (Exs. 8–12).

23          Plaintiff was unwilling to meet and confer about the subpoenas during the week they were

24  issued, ultimately agreeing to a one week extension of time to respond. Ex. 13 at 3. The parties

25  subsequently met and conferred about the subpoenas and the present motion on April 18, 2017.

26  *Id.* at 1–2. Counsel for Dr. Bokor and Defendants cited authority and requested that Plaintiff

27  withdraw its subpoenas, but Plaintiff refused. *Id.* at 2.

28

- 3 -                    MOTION TO QUASH SUBPOENAS

1    Accordingly, Dr. Bokor brings this motion in the Northern District of California, the

2  district where the subpoenas purport to require compliance, pursuant to Rule 45.

3  **III.    ARGUMENT**

4    Rule 45 requires that a "party or attorney responsible for issuing and serving a subpoena

5  must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

6  subpoena," and that the Court "must enforce this duty and impose an appropriate sanction—

7  which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails

8  to comply." Fed. R. Civ. P. 45(d)(1). Further, the Court "must quash or modify a subpoena that,"

9  among things, "fails to allow a reasonable time to comply," or "subjects a person to undue

10  burden." Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv). A district court may also "for good cause, issue

11  an order to protect a party or person from annoyance, embarrassment, oppression, or undue

12  burden or expense." Fed. R. Civ. P. 26(c)(1).

13    There is good cause for an order quashing Plaintiff's subpoenas and protecting Dr. Bokor

14  from Plaintiff's harassing and impermissible discovery efforts. Plaintiff's subpoenas were

15  brazenly issued and served, in complete disregard for the Federal Rules, orders issued in the

16  underlying litigation, the PTAB's discovery process, and common decency. In particular,

17  Plaintiff's subpoenas (i) were issued before discovery opened and thus are invalid and

18  unenforceable on their face, (ii) cause annoyance, embarrassment, oppression and undue burden,

19  without setting a reasonable time for compliance, (iii) are directed to impermissible subject

20  matter, as Dr. Bokor is a consulting expert who is not subject to discovery, and (iv) were issued

21  for an improper purpose, seeking to end-run PTAB rules by obtaining throughout this litigation

22  testimony not otherwise permitted at the PTAB.

23    **A.    Plaintiff Violated Rule 26(d)(1) by Issuing and Serving the Subpoenas Before
     Discovery Had Even Begun**

24

25    Rule 26(d)(1) clearly states that "[a] party *may not seek discovery from any source before*

26  *the parties have conferred as required by Rule 26(f)*, except in a proceeding exempted from

27  initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by

28  court order." Fed. R. Civ. P. 26(d) (emphasis added); *see also Deuss v. Siso*, No. 14-cv-00710-

- 4 -                    MOTION TO QUASH SUBPOENAS

1  YGR, 2014 U.S. Dist. LEXIS 121464, at *10–11 (N.D. Cal. Aug. 29, 2014) (quashing non-party

2  subpoena for being served before Rule 26(f) conference); *Desilva v. N. Shore-Long Isl. Jewish*

3  *Health Sys. Inc.*, No. CV 10-1341(JFB)(ETB), 2010 U.S. Dist. LEXIS 79816, at *1 (E.D.N.Y.

4  Aug. 9, 2010) (same); *Elite Lighting v. DMF, Inc. et al.*, No. 13:1920-JC, 2013 WL 12142840, at

5  *3 (C.D. Cal. May 6, 2013) (same). The March 6, 2017 Order issued by Judge Payne in the

6  underlying litigation unambiguously states that "[t]imely submission of the parties' proposed

7  docket control order, proposed discovery order and proposed protective order will be viewed by

8  the Court as complying with the conference requirement of Rule 26(f)." *See* Ex. 14 at n.1 (J.

9  Payne's March 6, 2017 Order).

10      Undaunted by Judge Payne's Order, and in a rush to obtain testimony from Dr. Bokor

11  before its preliminary responses to the IPR petitions are due, Plaintiff served its subpoenas on Dr.

12  Bokor ***before*** the parties had submitted their proposed Docket Control, Discovery and Protective

13  Orders. Indeed, the parties had not even made their proposals for limitations governing discovery

14  when Plaintiff sought to unilaterally open discovery with its subpoenas. *See* Ex. 15. Defendants

15  had warned Plaintiff in advance that it would be violating Judge Payne's Order if it issued its

16  subpoenas before the parties had satisfied their Rule 26(f) obligations; Plaintiff nevertheless

17  bulldozed ahead, relying on an unsupported and incorrect assertion that "[t]he custom and

18  practice in this court has been that discovery opens once the initial status conference has been

19  held." Ex. 5 at 2. The subpoenas were clearly issued before discovery opened and are

20  accordingly invalid, unenforceable, and in violation of Judge Payne's March 6 Order. Plaintiff's

21  subpoenas should be quashed for this reason alone.

22      **B.      Plaintiff's Subpoenas Cause Annoyance, Embarrassment, Oppression, and
23              Undue Burden or Expense in Violation of Rules 45(d)(3) and 26(c)**

24      Plaintiff's subpoenas are facially unreasonable. Dr. Bokor is entitled to protection

25  because each subpoena "fails to allow a reasonable time to comply" and "subjects [him] to undue

26  burden." Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv). Plaintiff's document subpoena demanded the

27  production of eleven categories of documents within five business days after its service, later

28  extending this deadline by a week. This does not give Dr. Bokor sufficient time to search for and

- 5 -                                    MOTION TO QUASH SUBPOENAS

1   produce all the documents demanded by Plaintiff. The time period for compliance is simply not

2   reasonable, even with the one week extension that Plaintiff agreed to. Indeed, Plaintiff's

3   document subpoena originally required compliance by April 17, 2017, the very *first day* of

4   discovery. This deadline is unduly oppressive and unreasonable on its face.

5         Plaintiff rushed to serve broad subpoenas on Dr. Bokor despite knowing that discovery

6   had not opened. Ex. 5. To make matters worse, Plaintiff retained an unscrupulous agent who

7   served process at 6:20 AM by pounding on the door and repeatedly ringing the bell of Dr.

8   Bokor's *home*, instead of his work address specified on the subpoenas. Plaintiff's agent refused

9   to leave and required Dr. Bokor to call the police in fear of what appeared to be an aggressive

10  intruder in a neighborhood that has had an outbreak of criminal home invasions. *See* Bokor Decl.

11  ¶¶ 6–8. There is no justification for the annoyance, embarrassment, and intimidation that Dr.

12  Bokor's household suffered.

13        Plaintiff should never have served its subpoenas—and certainly not before discovery

14  opened and in such a harassing manner. The subpoenas should be quashed to avoid subjecting

15  Dr. Bokor to further annoyance, embarrassment, oppression, or undue burden or expense, in view

16  of the above. Fed. R. Civ. P. 45(d)(1), 45(d)(3)(A) and 26(c).

17        **C.**    **Plaintiff's Subpoenas Violate Rule 26(b)(4)(D) Because Dr. Bokor Is a**

18                  **Consulting Expert Not Subject to Deposition**

19        The subpoenas must be quashed for the additional reason that Plaintiff is not entitled to

20  the information it seeks in the underlying litigation. Dr. Bokor is a consulting expert in the

21  underlying litigation and not subject to discovery under Rule 26(b)(4)(D), which states that "a

22  party may not, by interrogatories or deposition, discover facts known or opinions held by an

23  expert who has been retained or specially employed by another party in anticipation of litigation

24  or to prepare for trial and who is not expected to be called as a witness at trial."

25        Courts have regularly upheld this protection and quashed attempts to probe a party's

26  consulting expert. *See Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, No. 12-625 (EGS),

27  2013 U.S. Dist. LEXIS 104412, at *10–11 (D.D.C. July 25, 2013) (granting motion for protection

28  for subpoenas to non-testifying expert in patent suit pursuant to Rule 26(b)(4)(D)); *Phillips v.*

          MOTION TO QUASH SUBPOENAS

1  *C.R. Bard, Inc. (In re Grassi)*, No. 13-91269-PB, 2013 U.S. Dist. LEXIS 178528, at *4–5 (D.

2  Mass. Dec. 13, 2013) (granting protective order and quashing subpoenas issued to consulting

3  expert because they tried "an end-run around the restrictions on discovery of a party's consulting

4  expert."); *Perry v. United States*, No. 3:96-CV-2038-T, 1997 U.S. Dist. LEXIS 23875 (N.D. Tex.

5  Feb. 4, 1997) ("[u]ntil the defendant is required to make a final decision regarding expert

6  testimony . . . plaintiff['s] attempt to discover expert information is premature.").

7      The precedence in the district for the underlying litigation under these circumstances is

8  firmly established.  For example, in upholding Magistrate Judge Everingham's order granting

9  protection over subpoenas to expert declarants in related reexamination proceedings, Judge

10  Folsom stated that the "attempt to re-characterize the subpoenaed witnesses as fact witnesses is

11  misplaced," and, as is the situation here, the "subpoenas are thinly-veiled attempts to depose

12  expert[] witnesses regarding the opinions they have in this case." *ROY-G-BIV Corp. v. Fanuc*

13  *Ltd.*, No. 2:07-CV-418-DF, 2009 U.S. Dist. LEXIS 58338, at *5–6 (E.D. Tex. July 9, 2009).  The

14  Court correctly recognized that "most technical expert witnesses—like a myriad of others—are

15  going to have general knowledge of the state of the art at the time that the invention was

16  conceived." *Id.* "Such knowledge, however, does not turn these experts into fact witnesses." *Id.*

17  Accordingly, "[t]he Court will not displace the normal protections of Rule 26(b)(4) and allow

18  such depositions to take place prematurely." *Id.*; *see also Convolve, Inc. v. Dell, Inc.*, No. 2:08-

19  CV-00244-CE, Dkt. No. 363 (E.D. Tex. June 8, 2011) (Ex. 16) (relying on the district's

20  precedence that a reexamination expert may not be deposed in litigation unless and until

21  designated as a testifying expert); *Tivo, Inc. v. Verizon Commc'ns, Inc.*, No. 2:09-CV-257-DF-

22  CE, Dkt. No. 164 (E.D. Tex. April 26, 2011) (Ex. 17) (same).  Subpoenas to declarants in IPR

23  proceedings are likewise improper, particularly given the carefully regimented discovery

24  procedures established for IPR proceedings.  These decisions confirm that Plaintiff's approach is

25  clearly improper, and the Court should accordingly grant this motion.

26      Although counsel for Defendants and Dr. Bokor informed Plaintiff that it is not entitled to

27  discovery of Dr. Bokor, Plaintiff refused to withdraw its subpoenas. Ex. 13.  Plaintiff's

28  disagreement with the overwhelming authority further shows that Defendants' requested

1   protection is necessary, as Plaintiff is unquestionably not entitled to depose Defendants'

2   consulting expert. Should Defendants later wish to designate Dr. Bokor as a testifying expert, a

3   deposition "may be conducted only after [his] report is provided." Fed. R. Civ. P. 26(b)(4)(A).

4   *See Solis v. Bridgestone Corp.*, CV 10-484 TUC DCB, 2011 U.S. Dist. LEXIS 159601, at *3–4

5   (D. Ariz., Feb. 15, 2011) (granting motion to quash because discovery of consultant is prohibited

6   until he is designated a testifying expert witness and report is disclosed). The deadline for

7   submission of opening expert reports in the underlying litigation is not until January 22, 2018.

8   Ex. 10 at 3. Defendants' requested relief is therefore, respectfully required.

9
10         **D.     Plaintiff's Subpoenas Seek Only to Circumvent the PTAB's Rules and Unfairly Prejudice Dr. Bokor and Defendants**

11        Plaintiff's subpoenas were also served for an improper purpose and upholding them would

12   unfairly prejudice Dr. Bokor and Defendants. In evaluating a motion for protection, courts

13   consider, *inter alia*, "whether the information is being sought for a legitimate purpose or for an

14   improper purpose," and "whether the sharing of information among litigants will promote fairness

15   and efficiency." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Both of

16   these factors further support good cause for this motion.

17        *First*, Plaintiff's subpoenas were not issued for a legitimate purpose, but are an improper

18   end-run on PTAB procedures in the IPR proceedings. A deposition of Dr. Bokor is not permitted

19   under PTAB rules when the PTAB has not yet instituted IPRs. *See* Office Patent Trial Practice

20   Guide, 77 Fed. Reg. 48,756, 48,757 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 42) ("***Once***

21   ***instituted***, absent special circumstances, discovery will proceed in a sequenced fashion. For

22   example, the patent owner may begin deposing the petitioner's declarants ***once the proceeding is***

23   ***instituted***.") (emphasis added); Amendments to the Rules of Practice for Trials Before the Patent

24   Trial and Appeal Board, 81 Fed. Reg. 18,750, 18,755 (Apr. 1, 2016) (to be codified at 37 C.F.R.

25   pt. 42) ("the preliminary phase of an AIA proceeding does not allow generally for cross-

26   examination of a declarant before institution as of right"). Circumventing the PTAB's rules to

27   benefit from otherwise prohibited discovery is an improper purpose.

28

         MOTION TO QUASH SUBPOENAS

1    *Second*, Plaintiff's subpoenas also attempt to gain an unfair tactical advantage in the IPR

2    proceedings.  The information that Plaintiff seeks in a deposition would not "promote fairness and

3    efficiency" among litigants.  *Glenmede Trust Co.*, 56 F.3d at 483.  Instead, the deposition of Dr.

4    Bokor would prejudice Defendants by conferring to Plaintiff the advantage of early discovery that

5    the PTAB never intended.  Indeed, the PTAB has stated that "the Board has established rules for

6    the presentation of arguments and evidence and that there is a proper time and place for each

7    party to make its presentation, and that a party ***may not attempt to alter the Board's trial***

8    ***procedures under the pretext of discovery*." *Garmin v. Cuozzo*, No. IPR2012-00001, at 13

9    (P.T.A.B. Mar. 5, 2013) (emphasis added) (Ex. 18).  But, this precisely what Plaintiff seeks to do.

10    Plaintiff's circumvention of the PTAB's rules is especially inappropriate given that IPRs

11    are predicated on streamlined procedures and efficiencies gained by limited discovery.  "By

12    enacting the Leahy-Smith America Invents Act ("AIA"), Congress sought to 'establish a more

13    efficient and streamlined patent system that will improve patent quality and limit unnecessary and

14    counterproductive litigation costs' and 'to create a timely, cost-effective alternative to litigation.'"

15    *Finjan, Inc. v. Symantec Corp.*, 139 F.Supp.3d 1032 (N.D. Cal. 2015) (citing 77 Fed. Reg.

16    48,680-01).  "Thus, in *inter partes* review, discovery is limited as compared to that available in

17    district court litigation.  Limited discovery lowers the cost, minimizes the complexity, and

18    shortens the period required for dispute resolution." *Garmin*, IPR2012-00001, at 5.  Plaintiff

19    seeks to run afoul of these limitations by obtaining otherwise impermissible discovery for the

20    PTAB proceedings through the underlying litigation.

21    Contrary to the PTAB rules, Plaintiff's subpoena for documents seeks broad categories

22    that would not constitute limited, routine discovery in IPR proceedings.  The entire scope of

23    Plaintiff's document requests may be allowed in the IPR proceedings only "upon showing of

24    good cause as to why the discovery is needed." 37 C.F.R. § 42.224.  Plaintiff cannot avoid the

25    PTAB's requirements to show good cause for this additional discovery by issuing subpoenas on

26    Defendants' IPR expert in the parallel district court proceeding.

27

28

- 9 -                          MOTION TO QUASH SUBPOENAS

1   As a result, Plaintiff's subpoenas are not motivated by any legitimate purpose. Instead,

2   they seek only to give Plaintiff an unfair tactical advantage over Defendants, underscoring the

3   good cause for the present motion. Plaintiff's subpoenas should accordingly be quashed.

4   **E.      Plaintiff Should Pay Attorney's Fees in Connection with this Motion**

5   Rule 26(g)(1) requires that "every discovery request, response, or objection must be

6   signed by at least one attorney of record in the attorney's own name," and that by "signing, an

7   attorney or party certifies that to the best of the person's knowledge, information, and belief

8   formed after a reasonable inquiry," a discovery request is "consistent with these rules and

9   warranted by existing law . . . ." Fed. R. Civ. P. 26(g)(1). Sanctions are appropriate where an

10  attorney "certifies" that a Rule 45 subpoena complies with the rules, but is issued before the Rule

11  26(f) conference in violation of Rule 26(d)(1). *See, e.g., Deuss*, 2014 U.S. Dist. LEXIS 121464,

12  at *14 (granting attorney's fees for improper certification on a Rule 45 subpoena that violated

13  Fed. R. Civ. P. 26(d)(1)); *Elite Lighting*, WL 12142840, at *3 (same).

14  By signing the subpoenas, Plaintiff's counsel improperly certified that they were

15  consistent with the Rules. Exs. 6–7. Plaintiff's certification here is especially unjustified because

16  counsel for Dr. Bokor and Defendants had informed Plaintiffs as early as March 31, 2017, that

17  discovery did not open until April 17, 2017 pursuant to unambiguous language in Judge Payne's

18  Order. Ex. 5 at 1–2. As the *Deuss* court held, a Rule 26(g) sanction is warranted in such a

19  circumstance because it "provides a deterrent to both excessive discovery and evasion by

20  imposing a certification requirement that obliges each attorney to stop and think about the

21  legitimacy of a discovery request." *Deuss*, 2014 U.S. Dist. LEXIS 121464, at *14 (*citing* Fed. R.

22  Civ. P. 26(g), Advisory Committee Notes, 1983 Amendment.). Although the Plaintiff was on

23  notice of the clear mandate of Judge Payne's orders and the Federal Rules, it did not "stop and

24  think about the legitimacy" of its subpoenas before prematurely serving them. *Id.* A court in this

25  District has sanctioned this very conduct, and this Court should likewise do so here. *Id.*

26  Moreover, Rules 45(d)(1) and 26(c)(3) permit monetary sanctions in connection with

27  motions to quash subpoenas and discovery protective orders. Such sanctions are appropriate

28

1  "when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent

2  with existing law." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013).  Here,

3  Plaintiff's rush to issue premature and improper discovery violates numerous local and federal

4  rules, subjects Dr. Bokor to unwarranted burden, circumvents PTAB procedures, and unfairly

5  prejudices Defendants.  Plaintiff plainly acted without good faith, a proper purpose, or practice

6  that complies with existing law.  Sanctions are thus appropriate.  *Id.*

7          Accordingly, Dr. Bokor respectfully requests that the Court award attorney's fees in

8  connection with this motion.

9  **IV.    CONCLUSION**

10         For at least the foregoing, Plaintiff's subpoenas must be quashed.

11

12  DATED: April 21, 2017                              Respectfully submitted,

13

14                                                     Allan M. Soobert (*pro hac vice pending*)
                                                       PAUL HASTINGS LLP
15                                                     875 15th Street, N.W.
                                                       Washington, DC 20005
16                                                     Telephone:  (202) 551-1822
                                                       Facsimile:  (202) 551-0222
17                                                     allansoobert@paulhastings.com

18                                                     Christopher W. Kennerly (SB# 255932)
                                                       PAUL HASTINGS LLP
19                                                     1117 S. California Avenue
                                                       Palo Alto, CA 94304
20                                                     Telephone:  (650) 320-1800
                                                       Facsimile:  (650) 320-1900
21                                                     chriskennerly@paulhastings.com

22                                                     Jeffrey D. Comeau (SB# 259679)
                                                       PAUL HASTINGS LLP
23                                                     4747 Executive Drive, 12th Floor
                                                       San Diego, CA 92121
24                                                     Telephone: (858) 458-3000
                                                       Facsimile: (858) 458-3005
25                                                     jeffreycomeau@paulhastings.com

26

27                                                     COUNSEL FOR DR. JEFFREY BOKOR

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF CONFERENCE

Counsel for Dr. Bokor and Defendants in the underlying action met and conferred telephonically and through email with counsel for Plaintiff in the underlying action between April 12 and 20, 2017 in a good faith attempt to resolve the matters raised by this motion.  Plaintiff indicated they opposed this motion.  Therefore, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

_____
Jeffrey D. Comeau

- 1 -                                            MOTION TO QUASH SUBPOENAS